# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BARBARA WHIPPLE,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No.  17-0516** (BOR Appeal No. 2051733)
                            (Claim No. 2016026208)

**EMS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Barbara Whipple, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. EMS, Inc., by Alyssa A. Sloan, its attorney, filed a timely response.

The issue on appeal is the compensability of the claim. On April 27, 2016, the claims administrator rejected Ms. Whipple's application for benefits. The Office of Judges reversed the claims administrator's decision in its December 6, 2016, Order and held the claim compensable for a low back sprain. The Order was reversed and vacated by the Board of Review on May 12, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is clearly wrong based upon the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Whipple, a dual diagnosis treatment specialist, attended a conference in Charleston, West Virginia for her employment with Elkins Mountain Schools from April 6, 2016, through April 8, 2016. Ms. Whipple alleged she injured her low back on April 6, 2016, when she was tugging on her suitcase in the parking garage and felt a sharp shift in her body. She did not experience immediate pain, but just felt like her gait was off. Ms. Whipple attended all of the conference activities on April 6, 2016, gave a talk on April 7, 2016, and returned to Elkins to work on April 8, 2016. After experiencing increased pain in her shoulder and back, she was unable to finish her shift on April 10, 2016.

1

During a meeting on April 11, 2016, Ms. Whipple's supervisor commented on her uneven gait, and Ms. Whipple advised her she hurt her back on April 6, 2016. An Employer's First Report of Injury was completed. It stated Ms. Whipple was injured at the conference on April 6, 2016, that there was no reason to question the injury, and Ms. Whipple did not make her employer aware of the injury until the afternoon of April 11, 2016.

After experiencing increased pain in her back, Ms. Whipple sought treatment from E. Morgan Jones, D.C., on April 12, 2016. He diagnosed low back pain, sacroiliitis, lumbago with sciatica, lumbosacral plexus disorder, and thoracic radiculopathy. A lumbar spine x-ray showed multi-level lumbar spine degenerative changes without acute fracture or traumatic malalignment. Dr. Jones completed the physician's section of the Employee's First Report of Injury, stating that Ms. Whipple had sustained a lumbar injury.

The claims administrator rejected the claim on April 27, 2016, because Ms. Whipple did not suffer an injury in the course and scope of her employment. The denial stated Ms. Whipple was able to return to full duty work until she was seen by a physician on April 12, 2016, and that she did not report an injury until she had verbally resigned her position.[1] This protest followed.

Ms. Whipple continued to treat with Dr. Jones, whose medical records show gradual improvement. On May 8, 2016, Ms. Whipple sought treatment in the emergency room at Davis Medical Center for acute low back pain and back spasms. A lumbar spine x-ray showed multilevel lumbar spine degenerative changes, most significant at L4-L5 and L5-S1. There were no changes since the April 14, 2016, lumbar spine x-ray.

Ms. Whipple testified via deposition that she was injured when she got her luggage out of the car and was taking the luggage into the hotel. The parking garage ramp was steep and part of it had gritty, uneven pavement. She felt very uneasy. At one point she felt a sharp shift in her body. She felt as though her gait was off. She did not tell any of her co-workers at the conference she was hurt, because she thought the pain would get better if she could get the knot out of her shoulder. She did not have any real pain until she was at home on April 10, 2016. The next day, she had meetings with her supervisor and the Chief Operating Officer, Ernest Cross. That is when she told her supervisor she hurt her back and was sent to see the nurse. She and the nurse talked about the possibility of her pain being from her sciatic nerve and left it at that. The next day, she continued to have pain so she went to see Dr. Jones. She resigned on April 29, 2016, and her last day was May 11, 2016. She resigned because she moved out of state.

---

[1] Ms. Whipple had not resigned her position, either verbally or in writing, at the time of the claim denial. A miscommunication with her supervisor regarding her work schedule the week following the conference prompted a statement from Ms. Whipple about resigning. The miscommunication was resolved prior to Ms. Whipple giving notice of an injury. However, on April 27, 2016, Ms. Whipple provided written notice of her resignation indicating her last day of work would be on May 12, 2016.

Becky Sanders, Chief Executive Officer of Elkins Mountain Schools, testified via affidavit. She averred that she attended the same conference as Ms. Whipple and Ms. Whipple did not complain of pain or discomfort after moving her luggage, nor did she mention an injury to her during the conference or on her way back to Elkins after the conference.

On December 6, 2016, the Office of Judges reversed the claims administrator's decision and held the claim compensable for a low back strain. It noted the record was "somewhat short" on corroborating evidence in support of the positions of either party. But, the Office of Judges determined Ms. Whipple gave timely notice of the injury. It also found the medical records were illegible in places and failed to shed much light regarding the injury. As such, it found the compensability of the claim came down to the deposition testimony of Ms. Whipple and the affidavit statements of Ms. Sanders. The Office of Judges then found Ms. Whipple's testimony to be the most persuasive because it was subject to cross-examination. It determined the points alleged in the affidavit could have been supported by the affidavits of the coworkers listed in the affidavit or by deposition testimony. The Office of Judges found Ms. Whipple's testimony was credible and outweighed the affidavit submitted in support of the claims administrator's decision. Therefore, the Office of Judges reversed the claims administrator's decision and held the claim compensable for a low back sprain.

The Board of Review adopted the findings of fact of the Office of Judges. However, it found the Office of Judges' analysis and conclusions to be clearly wrong. It noted Ms. Whipple told her supervisor that she thought she was losing footing because of the terrain in the parking lot when asked about her gait on April 6, 2016. Additionally, she did not report the injury until April 11, 2016, which was after a meeting with her supervisor and others regarding the possibility of her resigning her position. The first medical evidence says she sought chiropractic care on April 12, 2016, after experiencing tremendous pain while backing out of a parking space. The Board of Review determined that Ms. Whipple failed to establish she sustained an injury in the course and scope of her employment. It reversed and vacated the Office of Judges' December 6, 2016, Order and reinstated the claims administrator's denial of the claim.

After review, we find the Board of Review exceeded its authority when it conducted a de novo review of the evidence. The Office of Judges' reasoning was supported by the evidentiary record and should not have been disturbed on appeal. It found Ms. Whipple's testimony to be persuasive. Her testimony, and the limited medical evidence, proved she sustained an injury on April 6, 2016.

For the foregoing reasons, we find that the decision of the Board of Review is clearly erroneous based upon the evidentiary record. The decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' Order finding the claim compensable for a low back strain.

Reversed and Remanded.

3

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Allen H. Loughry II
Justice Elizabeth D. Walker

LOUGHRY, Chief Justice, dissenting:

I dissent to the majority's decision to hold this claim compensable. The claimant alleged that she suffered a back injury while attending a work conference on April 6, 2016. However, the record shows that the claimant never reported the injury while at the conference even though other employees and a supervisor were present. In addition, the claimant returned to her regular work location after the conference and met with human resources personnel regarding her frustration with her supervisor. Again, she never mentioned the alleged injury. Furthermore, the claimant attended a regularly scheduled doctor's appointment on April 11, 2016, and never indicated that she had suffered a work injury or was experiencing low back pain. It was not until later that day, when discussing her possible resignation with the employer, that the claimant reported the alleged injury for the first time. Moreover, the claimant did not seek medical treatment for the alleged injury until the next day, April 12, 2016, when, according to her own testimony, she suffered "tremendous" pain after leaving Anytime Fitness where she had used a massage chair. Given all the above, the claimant clearly failed to establish by a preponderance of the evidence that she suffered an injury in the course of and as a result of her employment on April 6, 2016. Accordingly, the decision of Board of Review rejecting the claim should have been affirmed. I am authorized to state that Justice Walker joins me in this dissent.